**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Gregory Palmore, #248827, | ) | Civil Action No. 9:08-2484-GRA-BM |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| v. | ) | |
| | ) | |
| Wal-Mart, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se, on the Court's form used for filing prisoner civil rights cases. Hence, it is assumed that Plaintiff is asserting a violation of his rights by the named Defendant under 42 U.S.C. § 1983, although that is by no means clear.

The Defendant filed a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. on January 12, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on January 14, 2009, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case.

Plaintiff thereafter filed a response in opposition to the Defendant's motion, as well as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Defendant filed a response in opposition to Plaintiff's motion, with attached exhibits, on February 10, 2009, with an additional affidavit being filed on February 20, 2009. Plaintiff filed reply memoranda on March 3, 2009 and March 10, 2009.

These motions are now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)



1

**Background and Evidence**

Plaintiff alleges in his Verified Complaint[2], in toto, as follows:

> I was walking out of Wal-Mart on 2-23-07 and was approached by two under covered police worked for Wal Mart on White Horse Rd. In Greenville.
>
> I was arrest a for shoplifting then charged was dismissed.

Plaintiff seeks monetary damages. See generally Verified Complaint.

In support of dismissal of this case, the Defendant has submitted an affidavit from Michael Wilson, who attests that he is employed at Wal-Mart and was working for the Defendant on February 23, 2007 as an asset protection coordinator. Wilson attests that he witnessed via monitor an individual, later identified as the Plaintiff, refusing to produce a receipt to the door greeter for a Sony home theater system. Wilson attests that he went to investigate the matter with Michael Odom, who is employed by the Defendant as an asset protection associate. Wilson attests that he personally witnessed the Plaintiff exit the store, re-enter through a different entrance, and take a second Sony home theater system from the electronics department past all points of sale without purchasing it. Wilson attests that he and Odom then detained the Plaintiff and called the Greenville County Sheriff's Department which placed Plaintiff under arrest.

Wilson attests that Plaintiff admitted at the time of his arrest that he had taken the theater system without purchasing it. Wilson further attests that he has read the statement of the

---

[1](...continued) all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The parties have filed motions to dismiss or for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



2

incident Odom provided to the Greenville County Sheriff's Department, and that it is true and accurate. Finally, Wilson attests that he is familiar with several officers with the Greenville County Sheriff's Department, that he has testified against defendants in various criminal proceedings and is familiar with the notice procedures for testifying in court, that the Greenville County Sheriff's Office would send a subpoena to his home store if he was needed to testify and that he has never failed to respond to a notice to appear and testify in court, and that to the date of his affidavit (February 19, 2009) he has not received notice of any hearing in a criminal case against the Plaintiff. See generally Wilson Affidavit.

The Defendant has also submitted an affidavit from Michael Odom, who attests to the same facts as attested to by Wilson; see generally Odom Affidavit; as well as numerous other exhibits, including arrest records, charging documents, and other matters relating to Plaintiff's claims, and an affidavit from Jeff Weston, Assistant Solicitor.

Other than his summary judgment memorandum, which is in affidavit form, Plaintiff has submitted no evidence or exhibits in support of his claims or in opposition to the Defendant's motion. Plaintiff argues in his memorandum that a shoplifting warrant was never signed by Walmart's employee, and that the Solicitor dismissed the case because he was "unable to locate the victim". Plaintiff also complains about how his criminal case was handled.

**Discussion**

Summary judgment[3] "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

---

[3]Even though the Defendant initially filed a motion to dismiss, as it has submitted numerous exhibits to the Court in opposition to Plaintiff's motion for summary judgment, the undersigned has considered both motions under the standard of a Rule 56 motion for summary judgment. Young v. F.D.I.C., 103 F.3d 1180, 1192 (4th Cir. 1997).

3



matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendant is entitled to summary judgment in this case.

## I.

First, with respect to any claim Plaintiff may be asserting under § 1983, he has failed to present any evidence to show that the Defendant, a private entity, is subject to suit under § 1983. In order to be a proper party defendant in a § 1983 action, the defendant must be, or step into the role of, a public actor. Hence, as a private entity, Wal-Mart may only act under color of state law for purposes of a § 1983 claim if it was a wilful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Cf. Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Willmington Parking Authority, 365 U.S. 715, 721 (1961) [purely private conduct, no matter how wrongful, injurious, or discriminatory, is not actionable under 42 U.S.C. § 1983].

Plaintiff has presented no evidence to show, nor indeed has he made any allegations, that either Wilson or Odom (Wal-mart's employees) was working in any public capacity during the incident at issue. Therefore, the necessary state action requirement is absent. Further, Plaintiff has

4



presented no evidence to show that Wal-Mart was a wilful participant in joint action with the Sheriff's Department such as to subject it to liability under § 1983. Just because employees of a private entity call the police to investigate suspicious activity or allow police officers to patrol its parking lots or common areas and/or arrest individuals on its property, does not make the private entity a public actor for purposes of a § 1983 claim. Tomaiolo v. Mallinoff, 281 F.3d 1, 10 (1st Cir. 2002); Roche v. John Hancock Mut. Life Co., 81 F.3d 249, 253-254 (1st Cir. 1996); Alexis v. McDonald's Rests. of Mass., Inc., 67 F.3d 341, 351-352 (1st Cir. 1995). Therefore, there is no basis on which to find that the Defendant is subject to suit under § 1983. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) [in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must show that 1) the defendant deprived him or her of a federal right, and 2) did so under color of state law]; DeShaney v. Winnebago County Dept. Of Social Services, 489 U.S. 189, 200-203 (1989) [42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under a state's tort law]; Lugar, 457 U.S. at 936; Burton, 365 U.S. at 721.

As Plaintiff has presented no evidence to show that Wal-Mart was a state actor for purposes of his allegations, any claim being asserted against this Defendant under 42 U.S.C. § 1983 should be dismissed.

**II.**

Giving Plaintiff's complaint the liberal construction to which it is entitled, it may be assumed that Plaintiff has intended to assert one or more state law causes of action under this Court's diversity statute.[4] However, even assuming Plaintiff has intended to assert state law claims for false arrest and/or malicious prosecution, he has failed to present sufficient facts or allegations to survive summary judgment.

---

[4]Defendant does not appear to contest that it is subject to suit in this Court under the federal diversity statute. See 28 U.S.C. § 1332(a).



One of the elements for a claim of false arrest or imprisonment is that the restraint be unlawful. Gist v. Berkley County Sheriff's Department, 521 S.E.2d 163, 167 (S.C.Ct.App. 1999). Plaintiff has made no showing that he was unlawfully restrained, as he has failed to present any evidence to show that he was arrested without probable cause. While Plaintiff states in his verified complaint and summary judgment memorandum that the charges against him were dismissed, in assessing the existence of probable cause, courts examine the totality of the circumstances known to the officer at the time of the arrest, irregardless of whether or not an arrestee is ultimately found to be guilty or innocent on the criminal charge itself. Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996); White v. Coleman, 277 F.Supp. 292, 297 (D.S.C. 1967). Here, the evidence before the Court is that two Wal-Mart employees witnessed Plaintiff taking merchandise out of the store without paying for it, and that the Plaintiff then admitted to these two store employees that he had not paid for the merchandise. See also Defendant's Exhibits D and F. Plaintiff was subsequently indicted by the Grand Jury on this charge. See Defendant's Exhibit E.

"To prove an absence of probable cause, [a plaintiff] must allege a set of facts which made it unjustifiable for a reasonable officer to conclude that [he] was violating [the law]". Brown v. Gilmore, 278 F.3d 362, 368 (4th Cir. 2002). Plaintiff has failed to make any such showing, and based on the facts and evidence presented, the undersigned does not find that a genuine issue of fact exists as to whether the Defendant's employees acted without probable cause in calling the Sheriff's Department, resulting in Plaintiff's arrest. Peters v. K-Mart Corporation, 472 S.E.2d 248, 250 (S.C. 1998)[No liability to merchant for delay of customer if performed in a reasonable manner and for reasonable amount of time to investigate, where there was reasonable cause to believe that customer had committed the crime of shoplifting]; see also S.C. Code Ann. § 16-13-140. Therefore, Plaintiff has no claim for false arrest and/or imprisonment against the Defendant. Jones v. City of Columbia, 389 S.E.2d 662, 663 (S.C. 1990)["An action for false imprisonment cannot be maintained where one



6

is arrested by lawful authority"]. Lack of probable cause is also a requirement to prevail on a state law claim for malicious prosecution. <u>Jordan v. Deese</u>, 452 S.E.2d 838, 839 (S.C. 1995). Again, Plaintiff has failed to present evidence to show a lack of probable cause in this case.

Therefore, to the extent Plaintiff is asserting either of these state law claims in this case, they are subject to dismissal.

## Conclusion

Based on the foregoing, it is recommended that the Plaintiff's motion for summary judgment be **denied**, that the Defendant's motion to dismiss be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 25, 2009

Charleston, South Carolina



7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



8